STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EWALD JOHNSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Considered December 1, 1952—Decided December 3, 1952.

Before Judges EASTWOOD, GOLDMANN and FRANCIS.

*Mr. Jacob R. Mantel* argued the cause for appellant.

*Mr. Edward Cohn,* Union County Prosecutor of the Pleas, argued the cause for respondent (*Mr. H. Russell Morss, Jr.,* First Assistant Prosecutor, appearing).

The opinion of the court was delivered by

GOLDMANN, J. A. D.   The sole question raised on this appeal is. Did the deputy clerk of the Municipal Court of the City of Summit have lawful authority to take a complaint for violation of the Motor Vehicle Act?

Defendant was apprehended while operating a motor vehicle in Summit on April 26, 1952. He was taken to police headquarters, examined by a physician and pronounced to be under the influence of intoxicating liquor and unfit to operate a motor vehicle. A complaint charging defendant with operating a motor vehicle while under the influence of intoxicating liquor, in violation of *R. S.* 39:4–50, was signed and sworn to before Frederick Fleming, who took the complaint as "Deputy Court Clerk." Fleming had been duly appointed deputy clerk of the municipal court pursuant to a supplement to an ordinance establishing a municipal court for the City of Summit under the provisions of *L.* 1948, *c.* 264 (*N. J. S. A.* 2:8A–13 *et seq.,* now *N. J. S.* 2A:8–1 *et seq.*).

After trial the municipal magistrate found defendant guilty of drunken driving, as charged. At the conclusion of

the hearing and before the entry of judgment of conviction, defendant moved to dismiss the complaint on the ground that Fleming had no authority as deputy clerk to take the complaint, and the municipal court was therefore without jurisdiction. The motion was denied.

Defendant appealed to the Union County Court from the judgment of conviction. He moved initially for an order reversing that judgment, again contending that the complaint was defective and that the local court lacked jurisdiction over the subject matter. The right to a trial *de novo* on the facts in the event of an adverse decision was reserved. After considering the stipulation of facts filed by the parties and hearing argument, the County Court entered its order denying defendant's motion. Defendant appeals under *Rule* 4:2–2(a)(3).

The complaint in this case was in the form set out in *Criminal Procedure Form No.* 11, the "Uniform Traffic Ticket." *Rule* 8:10–1. *Rule* 8:3–1(a) requires that "Complaints shall be written and shall be made on oath before any magistrate *or other officer empowered by law* to take complaints." (Italics ours.) Defendant argues that only a municipal magistrate may take a complaint for violation of the Motor Vehicle Act. He cites as authority *R. S.* 39:5–3, as amended, and directs the court's attention to the language of that section of the Motor Vehicle Act: "A complaint, in writing and duly verified having been made to a magistrate, * * *" and "All complaints shall be made before a magistrate of the municipality in which it is alleged that the violation occurred * * *."

However, *R. S.* 39:5–6, as amended, authorizes clerks and deputy clerks of municipal courts to take complaints. This section was last amended by *L.* 1952, *c.* 288, § 1, effective May 23, 1952, and now reads as follows:

"All acts, whether in connection with the taking of complaints, issuing of process, return thereof, taking of bail for appearance *or committing to custody for failure to deposit such bail* and all proceedings preliminary to trial, including the arraignment, taking of

plea and postponement of trial and all ministerial acts and proceedings subsequent to trial, may be performed by the clerk or deputy clerk of a magistrate, and the jurisdiction so to do with respect to a violation of this subtitle is hereby conferred." (Italics ours.)

Defendant appears to be of the impression that clerks and deputy clerks had no authority to take complaints until the effective date of the 1952 act, which date was subsequent to the date of the complaint and defendant's trial. An examination of the legislative history of *R. S.* 39:5-6 repudiates any such thesis.

The Motor Vehicle Act of 1921 lacked any provision vesting a clerk or deputy clerk with authority to take complaints, such authority being lodged with the local police magistrate. *L.* 1921, *c.* 208, § 25. The deficiency was not remedied when the act was extensively revised in 1924. *L.* 1924, *c.* 211, § 7. However, the 1926 Legislature, in amending the Motor Vehicle Act, inserted a provision granting to the clerk or deputy clerk of a local police magistrate the power to take complaints. *L.* 1926, *c.* 151, § 3. This authority was preserved in subsequent amendments to the act, *L.* 1931, *c.* 171, § 12, and *L.* 1932, *c.* 81, § 1. It was ratified in the Revision of 1937, *R. S.* 39:5-6 carrying over the existing provision of the Motor Vehicle Act, as amended, as well as a similar authority given the clerk or deputy clerk of any local police magistrate by a supplement to the 1928 act providing for the regulation of vehicles, animals and pedestrians on public roads and turnpikes (*L.* 1928, *c.* 281, as supplemented by *L.* 1931, *c.* 262, § 4).

*R. S.* 39:5-6 remained unchanged until the cited amendment of 1952. A comparison of the language of that section with *L.* 1952, *c.* 288, § 1 reveals that the Legislature made only one change—it extended the powers of the clerk and deputy clerk of a municipal court to permit them to commit an offender to custody for failure to deposit bail, as set out in the italicized portion of the section quoted above. That this was the only change effected is indicated by the statement of purpose attached to the bill and quoted by defend-

ant: "The purpose of this bill is to authorize the clerk or deputy clerk of a magistrate to commit a defendant who cannot or will not deposit bail."

A situation similar to the one here presented arose in *Townsley v. State,* 12 *N. J. Misc.* 747 (*Sup. Ct.* 1934), with reference to the action of the clerk of the Police Court of the City of Orange in taking a complaint for a violation of the Motor Vehicle Act. The court cited and quoted as authority for the clerk's action the very provision of the act here involved.

Should any doubt remain as to the authority of the clerk or deputy clerk of a municipal court to take a complaint, it is resolved by the provisions of *N. J. S.* 2A:8–27, effective January 1, 1952. That section provides that "* * * any magistrate of a municipal court, any clerk or deputy clerk thereof, * * * may, within the municipality wherein an offender may be apprehended, * * * take any * * * complaint * * *." The prime source of this section is *L.* 1949, *c.* 201, § 1, supplementing *L.* 1948, *c.* 264 which provided for the establishment of a system of municipal courts under the new *Constitution of* 1947. The section is an integral part of *chapter* 8 of *Title* 2A (*N. J. S.* 2A:8–1 *et seq.*) which synthesized and brought into orderly array a host of provisions relating to local police courts and magistrates formerly appearing in various places in *Title* 2 of the *Revised Statutes,* particularly in *subtitle* 18, as well as the more modern provisions introduced by *L.* 1948, *c.* 264, as amended and supplemented (*N. J. S. A.* 2:8A–13 *et seq.*).

Defendant cites *State v. Walters,* 14 *N. J. Super.* 234 (*Cty. Ct.* 1951) and *State v. Boutote,* 19 *N. J. Super.* 60 (*Cty. Ct.* 1952) in support of his position. Neither of these cases is in point. In the *Walters* case the "deputy clerk" who took the complaint charging a violation of the Motor Vehicle Act was a person who had been appointed clerk in the police department of the Township of Hamilton in 1942, and subsequently appointed violations clerk of the municipal court of the township in 1950. (See *Rule* 8:10–10.)

Nowhere did it appear that the governing body of the township had taken the action which the Common Council of the City of Summit took here, in establishing the office of deputy clerk of the municipal court by ordinance and appointing some person to carry out the duties of that office. The complaint was therefore held invalid.

In *State v. Boutote* a judgment of conviction for drunken driving under *R. S.* 39 :4–50, as amended, was held void for lack of jurisdiction because the municipal magistrate, without proper authority, conducted the trial in a municipality other than that in which the alleged offense occurred and defendant was arrested.

The deputy clerk had full authority to take the complaint in question. *Rule* 8 :3–1(*a*); *R. S.* 39 :5–6, as amended; *N. J. S.* 2*A* :8–27. Accordingly, there was no lack of jurisdiction in the municipal court. Appeal dismissed.